SURPLUS LUMBER CO., INC., v.
FERGUSON ET AL.

(May 27, 1929. Opinion and Decree.)

P. H. Stern, of New Orleans, attorney for Blythe Company, Inc.

H. W. Robinson, and F. B. Freeland, of New Orleans, attorneys for defendants, appellants.

WESTERFIELD, J. The question presented by this appeal is the order of preference as between two claimants in the distribution of certain funds arising from the sale of real estate. The plaintiff, Surplus Lumber Company, Inc., contends that its claim of $430.55, for building material used in the construction of a building erected upon the property, should be ranked ahead of that of Blythe Company, Inc., for $1861.20, arising out of two conventional mortgages.

Under Act 139 of 1922, Section XI, the claim of material-men must be recorded as required by Section 2 of the Act, within thirty days after the completion of the building, in order to prime prior mortgages resting upon the property. Capital Building & Loan Association vs. Carter (Baton Rouge Sash & Door Works et al., intervenors), 164 La. 388, 113 So. 886; Central Lumber Company vs. Schroeder, 164 La. 759, 114 So. 644.

It is admitted that the plaintiff in this case, did not record its lien until April 5, 1929, or more than sixty days after the completion of the building, and about forty-seven days after the mortgage of Blythe Company, Inc., which plaintiff seeks to outrank, had been recorded in the mortgage office.

Plaintiff, having failed to record its claim within the time mentioned in the statute, is not entitled to outrank Blythe Company, Inc., whose mortgage had long been of record at the time plaintiff's claim was inscribed. The trial court was of this opinion. We are convinced that its judgment was correct and it is therefore affirmed.